UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AFRICAN PEOPLE'S EDUCATION AND
DEFENSE FUND, INC.,

    Plaintiff,

v.                                                     Case No. 8:23-cv-2395-TPB-AAS

PINELLAS COUNTY,

    Defendant.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

This matter is before the Court on Plaintiff's "Motion for Temporary Restraining Order and Preliminary Injunction and Incorporated Memorandum of Law," filed by counsel on November 20, 2023. (Doc. 12). On November 22, 2023, the Court denied the motion to the extent it sought a temporary restraining order and deferred the request for preliminary injunction. (Doc. 13). On December 14, 2023, Defendant filed a response in opposition. (Doc. 23). After reviewing the motion, response, court file, and the record, the Court finds as follows:

**Background**

This action stems from Defendant Pinellas County's decisions not to award Plaintiff federal grant money available under the Coronavirus State and Local Fiscal Recovery Funds ("SLFRF") authorized by the American Rescue Plan Act ("ARPA"), 15 U.S.C. § 9058c. The program was created by Congress to alleviate the economic impact of Covid-19 by awarding funds to states, territories, tribal, and local governments. Local governments were granted broad flexibility to use the funding,

and Pinellas County decided to use a portion of the SLFRF award to provide assistance to nonprofits through grants for capital expenditures. Defendant contracted with the Pinellas Community Foundation, as a subrecipient of the funds, to administer the program and to review, rank, and award ARPA grant funds to various nonprofit entities, subject to approval by Defendant.

Plaintiff African People's Education and Defense Fund, Inc., a nonprofit organization that has served the black community of south St. Petersburg, Florida, for over 28 years, applied for two separate grants under the program – the first for radio equipment, and the second for a generator. The grants were ultimately not approved. As to the radio equipment grant, the Pinellas Community Foundation ranked Plaintiff's application 4th out of 55 applications, and the grant was initially approved by the Pinellas County Board of County Commissioners. On January 9, 2023, the Pinellas Community Foundation sent a draft contract, which Plaintiff signed and returned on February 9, 2023. On February 14, 2023, the Pinellas County Board of Commissioners voted to rescind or terminate the radio equipment contract. As to the generator grant, the Pinellas Community Foundation ranked Plaintiff's application 4th out of 19 approved applications. However, the Pinellas County Board of County Commissioners denied the application on June 13, 2023.

In the instant lawsuit, Plaintiff claims Defendant's decisions not to award the ARPA grant funds to Plaintiff were the result of a mistaken and discriminatory belief that Plaintiff is associated with the Uhuru Movement, a black nationalist, allegedly antisemitic political organization under investigation by the Federal Bureau of Investigation. Plaintiff asserts three causes of action: Violation of the First

Amendment (Freedom of Association) (Count I), Violation of the Due Process Clause of the Fourteenth Amendment (Count II), and Violation of the Equal Protection Clause (Racial Discrimination) (Count III).

## Legal Standard

To obtain a preliminary injunction, a movant must establish: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). "A preliminary injunction is an extraordinary and drastic remedy, and [the movant] bears the burden of persuasion to clearly stablish all four of these prerequisites." *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016) (internal quotations omitted).

## Analysis

Plaintiff seeks a preliminary injunction to (1) enjoin Defendant from distributing the ARPA grant funds that Plaintiff believes it is entitled to; (2) require Defendant to award the funds to Plaintiff; and (3) declare that Defendant violated Plaintiff's constitutional rights. After careful review, the Court finds that Plaintiff cannot meet the threshold for a preliminary injunction as to any of these requests.

A plaintiff seeking a preliminary injunction must show irreparable harm. *Cunningham v. Adams*, 808 F.2d 815, 821 (11th Cir. 1987) (citing *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352, 1354 (11th Cir. 1983)). Because "a preliminary injunction is premised on the need for speedy and urgent action to protect

a plaintiff's rights before a case can be resolved on its merits," a "delay in seeking a preliminary injunction of even only a few months . . . militates against a finding of irreparable harm." *Wreal, LLC*, 840 F.3d at 1248. In this case, the first grant was rescinded or terminated on February 13, 2023. The second grant was denied on June 13, 2023. And yet, Plaintiff did not file the instant lawsuit challenging the denials until October 20, 2023. Moreover, Plaintiff did not file a motion seeking a temporary restraining order or preliminary injunction until November 20, 2023. Plaintiff has failed to provide any explanation for the months-long delays in challenging the denials at issue or in seeking preliminary injunctive relief.

In addition, "[a]n injury is 'irreparable' only if it cannot be undone through monetary remedies." *Cunningham*, 808 F.2d at 821 (citing *Cate v. Oldham*, 707 F.2d 1176, 1189 (11th Cir. 1983)). In this lawsuit, Plaintiff is essentially requesting a monetary remedy by seeking the reversal of Defendant's grant decisions and the award of the grant money Plaintiff believes it is entitled to. Plaintiff's alleged injuries are compensable and may be remedied by monetary damages.

Plaintiff attempts to argue that it has suffered irreparable harm due to the chilling effect of the allegedly improper grant denials on Plaintiff's First Amendment rights. However, "[a]lthough some courts have held that the very violation of certain fundamental constitutional rights can satisfy the irreparable harm requirement in obtaining preliminary injunctive relief, […] the facts of this case do not fit under the rationale of those decisions." *See id*. The *Cunningham* case is instructive. If Plaintiff is successful in this litigation, the Court can direct Defendant to award the grants to Plaintiff and can award other compensatory damages for the time that Plaintiff was

wrongfully deprived of the grant money. *See id.* Moreover, the Court notes that it appears that Plaintiff is still operating its radio station and building even without the grants for radio equipment and the generator, cutting against Plaintiff's chilling effect arguments. Under these facts, there is no substantial threat of *irreparable* harm.

Plaintiff's specific requests for a preliminary injunction requiring Defendant to award the grants to Plaintiff and for a declaration that Plaintiff's constitutional rights were violated are not well-taken. Plaintiff essentially asks the Court to determine the outcome of this case – on an incomplete or nonexistent record – while a motion to dismiss remains pending and before discovery has begun. This is improper.

There are other reasons to deny these particular requests for injunctive relief. The Court notes that the request for a mandatory preliminary injunction ordering Defendant to award the grant money even more directly seeks monetary damages rather than equitable relief, so Plaintiff has failed to demonstrate that monetary damages are an insufficient remedy. *See Edwards v. Commissioner for the Internal Revenue Service*, No. 5:23-cv-51-RH-MJF, 2023 WL 6049534, at *2 (N.D. Fla. Aug. 11, 2023), *report and recommendation adopted*, 2023 WL 6037901 (N.D. Fla. Sept. 15, 2023) (denying motion for preliminary injunction that would direct the defendant to "loan" $12,000 to the plaintiff).

As to the request for a declaration that Defendant violated Plaintiff's constitutional rights, consideration of the nature of declaratory relief (a final determination as to the rights and obligations of parties) compared to the nature of a preliminary injunction (temporary relief to maintain the status quo during the pendency of an action) weighs heavily against injunctive relief. Plaintiff has provided

no case law, and the Court is unaware of any, that shows declaratory relief is available as a remedy in the context of a preliminary injunction.

For these reasons, Plaintiff's motion for preliminary injunction is denied. Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. Plaintiff's "Motion for Temporary Restraining Order and Preliminary Injunction and Incorporated Memorandum of Law" (Doc. 12) is hereby **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 18th day of January, 2024.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**